# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

WENDELL P. BAUGH and
LAURA W. BAUGH,

    Debtors.

Case No. 10-07669
Hon. Marian F. Harrison
Hon. George C. Paine, II (by interchange)
Chapter 11

# MEMORANDUM

This matter is before the court on the objection of Wendell and Laura Baugh ("debtors") to the fee application of Baydoun & Knight PLLC (B&K) for payment of compensation for legal services and reimbursement of expenses as special counsel to the debtors. Specifically, the debtors objects that :(1) the interest rate charged by B&K, if such interest is allowed, exceeds a reasonable rate of interest allowed under the Bankruptcy Code; (2) the legal fees charged for the services rendered since the commencement of debtors' case are significantly more than would be reasonable, considering the actions taken and issues addressed; and (3) the allowance of $3,340.50 in post-petition interest. For the reasons hereinafter cited, the court grants in part and denies in part B&K's application.

The Baughs hired B&K as special counsel in a state court lawsuit against Mr. Baugh's former business partners. The Baughs succeeded in the lawsuit after appeal to the Tennessee Supreme Court obtaining a judgment against the defendants in the amount in excess of $200,000.00. B&K filed a fee application in the Baugh's bankruptcy asking for

the following compensation and reimbursement of expenses in the total amount of $189,209.01:

| | |
|---|---|
| $135,683.74 | compensation for legal services |
| $ 2,206.43 | reimbursement for reasonable expenses |
| $ 51,318.84 | interest/service charges accruing since June 2006 ($31,135.00 in fees and $820.64 in expenses) |
| $ 3,340.50 | interest/service charges and expenses since the petition date |
| $189,209.01 | |

Nadar Baydoun and Stephen Knight, debtor's special counsel, testified in support of the fee application. The debtors did not object to the rates charged by B&K, but objected to the following time entries as unreasonable:

Fee Application (total fee sought $3,520)[1]
Attorney's Lien (total fee sought $3,275)[2]

---

[1] Since fee applications are required under the Bankruptcy Code, courts may award fees for time spent in actually preparing a fee application "based on the level and skill reasonably required to prepare the application." 11 U.S.C. § 330(a)(6). "It is proper ... for the bankruptcy court to examine the amount and value of the time spent preparing the [fee] application, and reasonable limits may be placed on compensation for such work." **In re Bennett Funding Grp., Inc**., 213 B.R. 234, 249 (Bankr.N.D.N.Y.1997) the court described reasonableness for fee application preparation:

> There is no doubt that considerable time is required properly to prepare a fee application, and professionals are entitled to reasonable compensation for doing so. De facto fee caps are not found in the Guidelines but courts that have imposed them have fixed the percentage of total fees sought in connection with preparation of fee applications in the 3–5% range. See, e.g., **In re New Boston Coke Corp**., 299 B.R. 432, 446 (Bankr.E.D.Mich.2003) ("Time spent generating fee applications is generally limited to 5% of the total fees requested.").

**In re Mesa Air Group, Inc**., 449 B.R. 441, 445 (Bankr. S.D.N.Y., 2011). The fee amounts sought by B&K are 1.8% of the total fee and expenses sought, and well within the range of reasonableness.

[2] Mr. Knight's and Mr. Baydoun's testimony was credible as to the time spent on this issue.

>       Oral Argument (total fee sought $5,400)[3]
>       Filing of Bankruptcy Claim (total fee sought $1,175)[4]
>       Reply Brief (total fee sought $8,175)

11 U.S.C. § 330 governs the allowance of attorney's fees and expenses in bankruptcy actions. Section 330(a) instructs the bankruptcy court to award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." The Sixth Circuit uses the "lodestar method" to determine what constitutes a reasonable fee award. **In re Boddy**, 950 F.2d 334, 337 (6th Cir.1991). The lodestar method requires the court to determine a "lodestar amount" by calculating the attorney's reasonable hourly rate by the number of hours reasonably expended. **Id.; see also In re Holder**, 207 B.R. 574, 581 (Bankr.M.D.Tenn.1997).

>    As noted by the court in **Boyd v. Engman**, 404 B.R. 467 (W.D. Mich., 2009):
>
>    Computing the lodestar amount requires two separate but related analyses. First, the court must determine what portion of the claimed attorney's fees correspond to "hours reasonably expended." **See Boddy**, 950 F.2d at 337; **In re Arnold**, 162 B.R. 775, 777–78 (Bankr.E.D.Mich.1993). "The number of factors potentially relevant to this determination probably borders on the infinite," **Arnold,** 162 B.R. at 778, but at a minimum the attorney's time must relate to a service that is reasonably likely to benefit the estate or necessary to the administration of the bankruptcy case. 11 U.S.C. § 330(a)(4); **Holder**, 207 B.R. at 583. Second, the court must ask whether the rate charged for the service is reasonable in light of the complexity and importance of the task. **Arnold**, 162 B.R. at 778. In evaluating the overall reasonableness of the fees, the bankruptcy court should consider the skill and experience of the attorney, the prevailing market rate for like services, the total time expended, the results obtained, and any other factor the court finds relevant. See 11 U.S.C. § 330(a)(3); **Holde**r, 207 B.R. at 583; **Boddy,** 950 F.2d at 338.

---

[3] The court finds $13,575.00 to be an entirely reasonable fee request in light of a contentious appeal. Mr. Knight and Mr. Baydoun provided credible testimony in support of the fees sought for these time entries, and nothing about this portion of the fee request strikes the court as a service that was not necessary or beyond the realm of reason.

[4] B&K seek $1,175.00, or .06% of the total application for time spent preparing their proof of claim. This amounts to 4.7 hours. Again, the testimony of Mr. Knight and Mr. Baydoun fully support this fee amount.

3-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:10-bk-07669    Doc 164    Filed 10/27/11    Entered 10/27/11 14:25:53    Desc Main
Document    Page 3 of 6

**Engman** at 477.

Mr. Baydoun and Mr. Knight credibly testified and explained each and every charge challenged by the debtors. The court found that all the time entries were well within the range of reasonableness for attorneys of their level of expertise. The rates charged were less than most experienced bankruptcy lawyers charge, and none of the time entries were duplicative, unnecessary or otherwise unreasonable. The court overrules the debtors' objections as to the reasonableness of the fees sought by B&K, and finds that all of the time entries were proven and awardable.

The debtors next objection is to $51,318.84 in prepetition interest B&K seeks to recover as part of their secured claim pursuant to the contract they have with the debtors. The specific objection raised by the debtors was:

> The Application seeks compensation for interest on unpaid legal billings, but the Expedited Application to Approve Employment of Special Counsel and the Order Authorizing Employment of Special Counsel entered for Baydoun & Knight does not contemplate nor authorize the accrual of interest on the approved legal fees and expenses.

The debtors confirmed plan provides:

> The claim of Baydoun & Knight, PLLC shall be classified as a general unsecured claim unless the Debtors prevail in the claims they have made in the case of *Wendell P. Baugh, III and Laura W. Baugh, Plaintiffs-Appellants, v. Herman Novak and Faith Novak, Defendants-Appellees*, Sup. Ct. No. M2008-02438-SC0R11-CV, Ct. Ap. No. M2008-02438-COA-R3-CV, Williamson Co. Chancery No. 32631. If the Debtors prevail in that case, Baydoun & Knight, PLLC shall have an attorney's lien on the amount held in escrow by the Williamson County Clerk and Master, to the extent of their fees.

Second Amended Plan of Reorganization, February 7, 2011, p.7. Mrs. Baugh signed a retainer agreement with B&K that provides:

> Interest at the highest legal rate permissible by law will be charged on all accounts not paid in full by the end of the calendar month in which such statement account is sent to you.

The court finds that the debtors' contract with B&K, and their own confirmed plan clearly

4-U.S. Bankruptcy Court, M.D. Tenn.

provide for the payment of pre-petition interest.  B&K established the reasonableness of the amounts sought, and the debtors offered no basis to deny the interest and service charges in the amount sought.  Accordingly, the debtors' objection is overruled.

Lastly, the debtors object to $3,340.50 in post-petition interest.  11 U.S.C. § 330 compensates professionals for actual and necessary services rendered.[5]  While B&K provided actual and necessary services as special counsel in pursuing the debtors' state court lawsuit, the court cannot find that the accrual of postpetition interest in the amount of $3,340.50 was a necessary expense.  **See e.g., In re Council,** 1990 WL 266353 (Bankr. E.D. Cal., Nov. 14, 1990) (finding accrual of post petition interest was not a necessary expense for special counsel of the debtor in a 506(c) surcharge context). Section 330, like 506(c), awards professional fees for necessary services rendered.  The accrual of post-petition interest is not a "necessary service rendered."

Accordingly, the court grants B&K's fees and expenses in the amount of $185,868.51 which is comprised of an allowance and payment of $135,683.74 in compensation for legal services rendered in the course of its representation of the debtors, as well as $2,206.43 in reimbursement for reasonable expenses incurred or advanced by B&K on behalf of the debtors, and interest/service charges in amount of $51,318.84 which

---

[5] Section 330 provides in relevant part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103--

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

5-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:10-bk-07669   Doc 164   Filed 10/27/11   Entered 10/27/11 14:25:53   Desc Main
Document       Page 5 of 6

have accrued since June of 2006. These amounts include $31,135.00 in fees for legal services rendered, $820.64 in expenses. The court sustains the debtors' objection to the charges in the amount $3,350.01 for post petition interest as an unnecessary expense under section 330. The court instructs B&K to prepare an order not inconsistent with this court's Memorandum within fourteen days (14) of entry of this Memorandum, leaving blank the total amount of compensation awarded. Counsel is instructed to simultaneously file an affidavit of amounts sought to be recovered for preparation and participation in the contested fee hearing. The court will award those reasonable and necessary fees and expenses after review of the affidavit.